**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE
FARM FIRE & CASUALTY COMPANY,

    Plaintiffs,

v.                                     Case No: 8:14-cv-2381-T-30AEP

COMPREHENSIVE PHYSICIAN
SERVICES, INC. and PAUL K.
CHRISTIAN,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Defendants' Motion to Dismiss (Dkt. #11) and Plaintiffs' Response in Opposition to the Motion (Dkt. #16). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

### *Background*

Plaintiff State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company (collectively "State Farm") filed this action against Defendants Comprehensive Physician Services, Inc. ("CPS") and Paul K. Christian, D.C. State Farm alleges that Defendants improperly billed charges for medical services purportedly rendered to victims of automobile accidents. The patients made these claims pursuant to no-fault Personal Injury Protection ("PIP") and Medical Payments Coverage insurance benefits. CPS submitted these bills under the direction of Paul Christian. State Farm

alleges that the submitted bills are unlawful because the treatment provided was not in compliance with Florida law, the submissions contained false and misleading information related to the claims or charges, and the submissions represented treatment or services that were "unbundled" when such treatment or services should have been bundled.

Plaintiffs allege causes of action for common law fraud and fraudulent misrepresentation, unjust enrichment, violations of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and declaratory relief. Defendants move for dismissal arguing that the Court lacks subject matter jurisdiction, and that the fraud, unjust enrichment, FDUTPA, and declaratory relief claims fail as a matter of law.

*Discussion*

I.   **Motion to Dismiss Standard**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank*, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal citations and quotations omitted). "A complaint may not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8; *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Further, exhibits are part of a pleading "for all purposes." Fed.R.Civ.P. 10(c*); see Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (per curiam) ("Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion.").

Dismissal based on a lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure on the basis of the allegations on the face of the complaint requires the Court to examine whether the plaintiffs have sufficiently alleged a basis for subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). Therefore, the Court affords State Farm similar safeguards as those provided in opposing a Rule 12(b)(6) motion, meaning the Court must consider the allegations of the Complaint to be true. *Id*.

## II.    Subject Matter Jurisdiction

Plaintiffs combine over 400 different claims against Defendants and aggregate the claims to meet this Court's jurisdictional limit for diversity jurisdiction. The Defendants do not dispute complete diversity between the parties, however they dispute that the amount in controversy exceeds the $75,000 jurisdictional limit required by 28 U.S.C. § 1332.  Defendants argue that jurisdiction is lacking by virtue of 28 U.S.C. § 1359, which

provides that "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of the court." 28 U.S.C. § 1359. They argue that State Farm improperly joined various claims to meet the threshold. However, the statute clearly relates only to the joinder of parties, not claims. Therefore, this argument fails. *See Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc.*, 657 F. Supp. 2d 1279, 1285 (M.D. Fla. 2009). Further, there is no allegation that any of the actual defendants have been improperly joined for jurisdictional purposes or that any party was not "made or joined" in order to invoke diversity jurisdiction. Therefore, 28 U.S.C. § 1359 does not preclude diversity jurisdiction in this case. *See id.*

### III. Failure to State a Claim

#### a. Fraud

Defendants argue that Plaintiffs have not met the minimum pleading requirements for pleading fraud under Federal Rule of Civil Procedure 9(b). Rule 9(b) requires State Farm to allege the circumstances constituting fraud or mistake with particularity. Fed.R.Civ.P. 9(b). The Eleventh Circuit has held that a plaintiff satisfies this requirement if it alleges the following: (1) the precise statements, documents or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the Defendants gained by the fraud. *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997).

State Farm alleges that the Defendants submitted claims and charges to State Farm as services lawfully rendered, knowing that the claims or charges were not lawfully rendered. The Complaint identifies over 400 claims in which Defendants made these false statements, along with the State Farm claim number and amount paid on each claim. The Complaint further explains why the services are not lawfully rendered because they violate Florida law, are not in compliance with generally accepted standards of medical practice, and are not related or medically necessary. By submitting these claims and charges to State Farm for payment the Defendants are representing that the services were lawfully rendered. These allegations, taken together, are sufficient to satisfy Rule 9(b). *See State Farm Mut. Auto. Ins. Co. v. Physicians Group of Sarasota, L.L.C.,* 9 F. Supp. 3d 1303, 1311 (M.D. Fla. 2014); *State Farm Mut. Auto. Ins. Co. v. Altamonte Springs Diagnostic Imaging, Inc.*, 2011 WL 6450769, RICO Bus. Disp. Guide 12153 (M.D. Fla. 2011).

### b. Unjust Enrichment

Defendants argue that the Court should dismiss State Farm's unjust enrichment claim because it has an adequate remedy at law. Although there is a general rule that "equitable remedies are not available under Florida law when adequate legal remedies exist, ... that rule does not apply to unjust enrichment claims." *Altamonte Springs Diagnostic Imaging, Inc.*, RICO Bus. Disp. Guide 12153 (quoting *Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. 5th DCA 1998)). The Defendant must show that an express contract exists between the parties to prevent recovery on an unjust enrichment claim. *Id*. To the extent that Defendants argue that the economic loss rule bars State Farm's unjust enrichment claim, Florida law does not support that argument. *See Tiara Condo.*

*Ass'n, Inc. v. Marsh & McLennan Companies, Inc.*, 110 So. 3d 399 (Fla. 2013) (economic loss rule applies only in the products liability context).

### c. FDUTPA

Defendants argue that the Court should dismiss the FDUTPA claim based on Section 501.212(4)(a), Florida Statutes. It states that "[a]ny person or activity regulated under laws administered by ... The Office of Insurance Regulation of the Financial Services Commission" falls outside the reach of FDUTPA. Fla. Stat. § 501.212(4)(a). "Florida courts resolve questions about the applicability of section 501.212(4) by looking to the activity that is the subject of the lawsuit and determining whether the activity is subject to the regulatory authority of the [governing agency.]" *State v. Beach Blvd Auto., Inc.*, 139 So. 3d 380, 387–88 (Fla. 1st DCA 2014). Courts have permitted a FDUTPA claim where PIP fraud was the deceptive act, and have held that the statute does not bar such an action. *See State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.,* 427 Fed. Appx. 714, 723 (11th Cir. 2011) *rev'd in part sub nom. State Farm Mut. Auto. Ins. Co. v. Williams*, 563 Fed. Appx. 665 (11th Cir. 2014); *State Farm Mut. Auto. Ins. Co. v. Kugler,* 2011 WL 4389915 at *12 (S.D. Fla. Sept. 21, 2011); *Physicians Group of Sarasota, L.L.C.,* 9 F. Supp. 3d at 1312-13.   The Court denies dismissal on this basis since the alleged fraudulent billing activities may not be regulated by the Office of Insurance Regulation, and therefore, FDUTPA potentially applies to the conduct described in Complaint.  *See Kugler*, 2011 WL 4389915, at *12.

### d. Declaratory Relief

State Farm also seeks declaratory relief in the form of a judgment declaring that any pending or future bills from CPS based on submissions alleged in the Complaint are not compensable under the PIP statute. Defendants argue that the claim fails as a matter of law because State Farm is attempting to circumvent remedies available in state court and avail themselves of federal court jurisdiction. Defendants point to no legal bar that exists to State Farm's present claim for declaratory judgment. *See Physicians Group of Sarasota, L.L.C.*, 9 F. Supp. 3d at 1313 (denying defendant's motion to dismiss claim for declaratory judgment in similar action).

### *Conclusion*

The Court concludes that State Farm has alleged sufficient facts to invoke this Court's subject matter jurisdiction and to sustain its causes of action against Defendants.

It is therefore **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss (Dkt. #11) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of December, 2014.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-2381 mtd 11.docx